UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JEREMY RANDOLPH MARTIN,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

Civil Action
No. 21-16636 (CPO) (MJS)

**OPINION & ORDER**

**O'HEARN, District Judge.**

This matter comes before the Court by way of Plaintiff's Second Amended Complaint (hereinafter "Complaint") raising claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*. The Court has screened[1] the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. The Court concludes, with the following caveats, that dismissal of the entire Complaint is not warranted at this time and will allow part of the Complaint to proceed.

In this case, Plaintiff has sued the United States of America, Officer John Doe, Warden D.K. White, and Warden S. Meredino, as Defendants. As to Plaintiff's FTCA claims, the "FTCA operates as a limited waiver of the United States's sovereign immunity." *White–Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010) (citation omitted). Under the FTCA, the United

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.  An incarcerated FTCA plaintiff may sue only the United States, may seek only monetary damages, and may not recover for mental or emotional damages in the absence of physical injury. *See* 28 U.S.C. § 1346(b)(1)–(2); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA.").  As Plaintiff can only sue the United States under the FTCA, the Court will dismiss with prejudice Plaintiff's FTCA claims against Defendants Doe, White, and Meredino. *CNA*, 535 F.3d at 138 n.2.

Next, the Court will construe Plaintiff's Complaint as raising Fifth Amendment due process claims against Defendants Doe, White, and Meredino, for the loss of Plaintiff's property due to his transfer to a different housing unit. (ECF No. 15, at 1.)  Property loss due to the intentional or negligent unauthorized acts of a prison official does not give rise to a procedural due process claim where a post-deprivation remedy satisfying minimum procedural due process requirements is available for the loss. *E.g.*, *Douglas v. Martinez*, 530 F. App'x. 136, 137 (3d Cir. 2013); *see also Zinermon v. Burch*, 494 U.S. 113, 115 (1990).  The FTCA and the Bureau of Prisons' ("BOP") administrative remedy program provide adequate post-deprivation remedies to persons who believe that a federal official has deprived them of property. *Bowens v. U.S. Dep't of Justice*, 415 F. App'x 340, 344 (3d Cir. 2011) (per curiam); *Ferranti v. Dixon*, No. 14-3331, 2016 WL 3636925, at *6 (D.N.J. July 7, 2016).

Here, Plaintiff does not allege that an action under the FTCA or the BOP's administrative remedy program was unavailable.  Indeed, Plaintiff is presently pursuing an FTCA claim.  As the FTCA and the administrative remedy program provide all the process that is due for Plaintiff's alleged property loss, the Court will dismiss with prejudice his deprivation of property claims

against Defendants Doe, White, and Meredino.  The remainder of the Complaint, *i.e.*, Plaintiff's FTCA claim against the United States, may proceed.[2]  Accordingly,

IT IS, on this 31st day of May 2023,

**ORDERED** that Plaintiff's FTCA claims against Defendants Doe, White, and Meredino are DISMISSED WITH PREJUDICE for lack of jurisdiction; and it is further

**ORDERED** that Plaintiff's *Bivens* claims against Defendants Doe, White, and Meredino are DISMISSED WITH PREJUDICE for failure to state a claim, the Clerk of the Court shall DISMISS Defendants Doe, White, and Meredino from this matter; and it is further

**ORDERED** that the remainder of the Complaint may PROCEED; and it is further

**ORDERED** that the Clerk of the Court shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal 285 Forms; and it is further

**ORDERED** that Plaintiff shall complete the form for the remaining Defendant and return it to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101; and it is further

**ORDERED** that after Plaintiff sends the completed form to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Complaint (ECF No. 15), summons, and this Opinion and Order upon the remaining Defendant pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

---

[2] The Court is not expressly or implicitly limiting Defendant's right to assert any potential defenses as it sees fit.  Nor is the Court ruling that Plaintiff has established a violation.  Instead, the Court is permitting these claims to go forward beyond screening.

**ORDERED** that the Clerk of the Court shall serve Plaintiff with a copy of this Opinion and Order via regular U.S. mail.

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**